IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-45,219-03






EX PARTE DOMINIQUE JEROME GREEN, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS


HARRIS COUNTY





 Johnson, J., filed a statement dissenting to the dismissal of the writ application,
in which Price, J., joined.

 

STATEMENT



 During deliberations at applicant's trial, at least one juror considered the effects of parole on the
sentence. Jury instructions always include an instruction that this is not to be done. This juror submitted
an affidavit that states that she believed at the time that applicant could or would be paroled in as few as
five years if the jury did not assess a sentence of death. She also speculated during deliberations that this
was true. 

 The truth is that, at the time of applicant's trial, the minimum time for parole eligibility for capital
murder was thirty-five years and has since been increased to forty years. At the time of his trial, juries were
not advised of minimum eligibility times. That has also changed, and juries are now advised of the forty-year minimum. That does not avail for this applicant. We cannot know if that speculation affected the decision
of the jury, but we do
know that specific
instructions were
ignored. 

 The state argues that under Rule of Evidence 606(b), a juror may not impeach the verdict or the
deliberations of a jury. While the impulse that produced that rule may be good, the prohibition sometimes
results in improper conduct in the jury room that impermissibly affects the verdict. Here it was improper
speculation about parole. In another case, it may be a juror using personal experience, unrelated to the
case at bar, to influence the vote of other jurors, such as a juror who has been burglarized talking about
the sense of violation that such victims feel and urging conviction or severe punishment based not on the
burglary, but on the juror's own emotional distress in response to a different burglary. We should not
invade the jury room for little purpose, but due process demands that there be a way to address blatant
misconduct. Rule 606(b) bars any examination of the process. A trial cannot be fair if jury deliberations
are tainted.

 It is said that applicant could have raised this point in his previous writ. Given Rule 606(b), even
if he clearly established that it was newly discovered evidence, he could not raise it. The inability to
challenge jury misconduct is a violation of applicant's right to due process and a fair trial. I
respectfully dissent.

 Johnson, J.

FILED: October 26, 2004

PUBLISH